# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALEXANDER STONE KRISTENSEN,<br>                            *Plaintiff,*<br>            v.<br>WILLIAM DAVID SPOTNITZ,<br>ET. AL.<br>                            *Defendant.* | CASE NO. 3:09-cv-00085<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), for failure to state a claim for which relief can be granted (docket no. 2). After full consideration of the arguments raised by the parties in their briefs and at oral argument, for the reasons set forth below, Defendants' Motion will be denied, in an accompanying Order, to follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Kaia Kristensen and her brother, Alexander Kristensen ("Plaintiffs"),[2] are the minor children of Susan and Stein Kristensen. The Kristensen family lived as house sitters in a home owned by William David Spotnitz and Denise Constance Schain ("Defendants"). The occupancy began in the spring of 2000, when the Defendants left the home in the Kristensens' care and moved to Florida, where they established residence and currently reside. Defendants permitted the Plaintiffs and their

---

[1] Because this matter is before the Court on a motion to dismiss, the facts are presented in the light most favorable to Plaintiffs.

[2] Due to the existence of a companion case, (case no. 3:09-cv-00084) filed by this Plaintiff's sibling, arising from the same incident and alleging the same claims, I will refer to Plaintiffs in the plural form.

parents to live in the home rent-free in exchange for paying their own utility costs, advising Defendants of any problems that arose, and generally maintaining an active presence in the house so that it did not appear abandoned. Defendants provided Plaintiffs' parents with the contact information for several service providers for maintenance of the house, should such service appear necessary during the occupancy. However, Plaintiffs' parents were not authorized to seek repair of the home's roof or skylights.

There were several leaks in the roof of the house, most significantly surrounding a skylight, and Plaintiffs' father informed Defendants about the leaks. In response, Defendants forbade Plaintiffs' parents from undertaking any repair of the roof of the house, stating that they would have the roof repaired. However, no repairs were ever made. As a result of the leaks, mold and excessive moisture conditions developed in the home, and caused Plaintiffs to become severely ill. The Kristensen family ultimately moved out of the home in 2002.

In 2003, the Plaintiffs' parents filed four suits in the Circuit Court of Albemarle County against Defendants. In the first case, the parents claimed joint personal property damage and personal injuries to Stein Kristensen arising from the mold exposure in Defendants' home (the "Joint Case"). In the second action, Plaintiffs' mother alleged that she sustained personal injuries due to mold exposure ("Susan's Case"). Similarly, the Plaintiffs' mother filed two separate suits on behalf of the children, Alexander Stone and Kaia Victoria, also in Albemarle County.

The Joint Case and Susan's Case were resolved against the Plaintiffs and dismissed. The Plaintiffs appealed the ruling and their respective petitions for appeal were subsequently denied. On June 15, 2009, both of the childrens' cases were nonsuited.

On November 6, 2009, Plaintiffs refiled this suit in Albemarle County Circuit Court. Defendants removed to this Court on December 28, 2009. Plaintiffs filed a Motion to Remand (docket no. 5), which the Court denied on March 22, 2010. Defendants now move to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a Motion to Dismiss." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

It is well-settled in Virginia that, under the common law, a landlord has "no duty to maintain in a safe condition any part of the leased premises that [is] under [a tenant's] exclusive control." *Paytan v. Rowland*, 208 Va. 24, 26, 155 S.E.2d 36 (1967). "Where complete possession is surrendered to the lessee, no action of tort can be maintained against the lessor except for fraud or concealment, hence that no recovery can be had for personal injuries on account of the landlord's failure to repair." *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 240-41, 38 S.E.2d 465 (1946). By contrast, a landlord is liable in tort for a tenant's injuries sustained on premises outside the tenant's exclusive possession and control. *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157, 207 S.E.2d 841 (1974). Indeed, "a landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control." *Id.* A landlord's duty of care owed to a tenant in such areas is based on the rationale that where a landlord "reserved and controlled such areas, he was the logical one to see that they were kept in a reasonably safe condition. Knowing the vagaries of human nature, the courts naturally concluded that if the landlord did not keep such areas safe, no one would." *Langhorne Road Apartments, Inc. v. Bisson*, 274 Va. 474, 477, 150 S.E.2d 540 (1966). With regard to possession and control of the roof of a property, "absen[t] contrary provisions in the lease, it has ordinarily been held that the lease of an entire building includes the roof . . . ." *Knable v. Martone*, 195 Va. 310, 314, 78 S.E.2d 68 (1953) (citation and quotation omitted). However, an agreement between a landlord and tenant can alter the default treatment of a roof such that a tenant has no right of possession or control of the roof of a leased property. *See id.* at 316 (concluding that where there was an express agreement between a landlord and tenant that the tenant was not permitted use or control of the roof, it was "very clear" that the landlord had retained use and control of the roof.)

In the instant case, Plaintiffs have alleged that Defendants forbade them from addressing any maintenance issues arising from the roof. Specifically, Plaintiffs have alleged that, despite the agreement requiring them to advise Defendants of any maintenance issues with the house, Plaintiffs were specifically barred from making any repairs to the roof. Moreover, Plaintiffs have alleged that not only were they forbidden from repairing the leaking roof upon reporting it to Defendants, but that they were also told at the time they entered into the house-sitting agreement[3] that they were not authorized to make any repairs to the roof or skylights. Based on those allegations, I conclude that Plaintiffs have sufficiently alleged that Defendants effectively retained control of the roof. This conclusion is further supported by Plaintiffs' allegation that Defendants stated that they had "professional" people to look at the leaking skylight. Therefore, because "a landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control," *Gulf Reston, Inc.*, 215 Va. at 157, and because Plaintiffs have pleaded factual allegations that Defendants were negligent in their fulfillment of such duty, *i.e.*, by failing to take action to repair the leaking roof in an effective and timely manner, I conclude that Plaintiffs have sufficiently stated a claim for relief that raises a right to relief above the speculative level. Accordingly, I will deny Defendants' Motion to Dismiss the Complaint.

IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss will be denied, in an accompanying Order, to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

---

[3] While the instant case is one of house sitting rather than a formal lease agreement, this Court does not find that

Entered this __4th__ day of June, 2010.

                                                /s/ Norman K. Moon
                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE

---

distinction relevant for the purposes of deciding the instant motion.